FILED

2015 MAY 26 PM 1:01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY: ____

Name: Alvin E. Medina
Address: 29254 Wagon Creek Lane
Menifee, CA. 92584
Phone: 951 746-4946
Fax: No FAX
In Pro Per MedinaAAE@gmail.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Alvin E. Medina<br><br>Plaintiff<br><br>v.<br><br>The Honorable Anthony R. Foxx<br>Secretary of Transportation<br><br>Defendant(s). | CASE NUMBER<br>ED CV15-01028 RGK (AGR)<br><br>To be supplied by the Clerk of The United States District Court<br><br>**George E. Brown, Jr. Federal Building and United States Courthouse 3470 Twelfth Street Riverside, CA 92501-3801** |

FEE PAID

On December 5, 2013, the Plaintiff received his initial decision from MSPB Case # SF-0432-13-0257-I-1 Exhibit #1. The Administrative Law Judge ruled in the Plaintiff favor and did not sustain the Agencies removal. After ordering the Agency to re-instate the Plaintiff, the Plaintiff was returned back to work as a Drug and Alcohol Compliance and Enforcement Inspector for the Federal Aviation Administration on January 27, 2014 Exhibit #2. After returning back to work the Plaintiff sat down with his immediate supervisor and stated, "He just wants to move forward and keep everything that happened, in the past." The Manager agreed to move forward and to leave everything in the past. After being on the job for only 53 days the Plaintiff found out by accident that he was being investigated on something that allegedly happened with a company that the Plaintiff inspected on October 6, 2011. Every inspector in the office knew the Plaintiff was going to be investigated once he returned back to work, following the Judges initial ruling in favor of the Plaintiff. This investigation started before the Plaintiff was terminated on May 17, 2012. The

Plaintiff found out about the investigation through the EEO Investigator who was investigating the Plaintiff claims after filing a formal EEO complaint on November 27, 2011. Since returning back to work, the Plaintiff was under investigation concerning a company the Plaintiff inspected over 2 years and 9 months ago at that time. This was strictly retaliation from the Plaintiff prevailing at the Merit System Protection Board hearing. This investigation evidence was memorialized in my MSPB case at the time of the hearing. The Plaintiff filed a complaint with the U.S. Office of Special Counsel File No.MA-14-1775, who gave the Plaintiff the right to seek corrective action through the Merit System Protection Board again for a second time Exhibit #3. The Plaintiff also filed an EEO complaint on March 4, 2014 for retaliation and for discrimination once the Plaintiff found out about the ongoing investigation Exhibit #4. The original investigation was to have the Plaintiff permanently barred from the Federal Government for five years on top of the Plaintiff being already terminated on May 17, 2012, and to also discredit the Plaintiff 30 years of federal service with the government Exhibit #5.

ISSUE PRESENTED

The Plaintiff filed with the Equal Employment Opportunity Commission and stated claims that he was being discriminated against based on the Plaintiff race (African American), color (black), sex (male) over 40 years of age and reprisal for the Plaintiff participation in protected activity when, on March 18, 2014, shortly after being reinstated to the Plaintiff position as a Drug and Alcohol Compliance and Enforcement Inspector as a result of a MSPB ruling, the Plaintiff learned that he was the subject of a internal Security Investigation. This civil action is filed because the Agency held retaliatory animus toward the Plaintiff since the AJ reversal of the Plaintiff removal on December 5, 2013 Exhibit #1. The Agency sought out and reopened the investigation once the Plaintiff returned back to work for the Agency. The Agency instigated unfounded suspicious evidence about an inspection of Sawyer Aviation's part 135 (on demand charter) and Sawyer Aviation's 91.147 (sightseeing tours) conducted by the Plaintiff on October 6, 2011. The evidence was fabricated, government documents falsified, and data deleted out of government systems to prosecute the Plaintiff. This was all forwarded to the Office of Inspector General for prosecution, fined or jailed time by the Agency. The Agency continued wrongful conduct in knowingly using the reversal of

the Initial Decision as a pretext for continual retaliation in having the Plaintiff re-investigated for the same issue that the Office of Inspector General decided not to pursue since the Plaintiff was no longer working for the Agency Exhibit #5. The Agency's Managers Mr. Rafael Ramos, Division Manager, and Mr. Jeffrey Stookey, Manager (Plaintiff first line supervisor)and Mr. Kevin Kearns, Team Coordinator (employee non managerial authority)perpetuated a belief among the Plaintiff's coworkers that the Plaintiff had engaged in criminal offenses against the Agency for an operator to avoid a federal civil penalty. Mr. Jeffrey Stookey made an open statement "that once the Plaintiff returned back to work that the Plaintiff would be fired within a week because the Agency had documentation that the Plaintiff allowed a company (Sawyer Aviation) to fraud documentation to avoid a federal civil penalty". The Plaintiff has suffered a loss of motivation, humiliation, depression, loss of sleep and withdrawal from the Plaintiff's coworkers since returning after twenty-two (22) months of the Plaintiff being fired and under an ongoing investigation with the threat of being put back on an Opportunity to Demonstrate Performance (ODP). The Plaintiff has done everything humanly possible to try and work in a non-hostile, harassment and retaliatory free work environment, but the Agency Managers and Team Coordinator would not concede to provide the plaintiff with a professional work environment. Just recently on November 12, 2014, the Division Manager sent the Plaintiff an e-mail dismissing the investigation not substantiated by the evidence obtained during the investigation Exhibit #6. Even though the Plaintiff had prevailed in a 8 month long investigation and was cleared of any wrong doing, the damage had already been done. Proving yet again the lengths and boundaries the Managers would cross in order to discredit the Plaintiff. The Manager word to move forward was not forthright coming and truthful. The Plaintiff complaint was dismissed by the MSPB Board for lack of jurisdiction and not heard by any investigative office for relief or remedy Exhibit #7. The Plaintiff is a member of the NATCA collective bargaining agreement.

Alvin E. Medina

Plaintiff

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*): Alvin E. Medina, 29254 Wagon Creek Lane Menifee, CA 92584<br>TELEPHONE NO.: 951 746-4946 FAX NO. (*Optional*):<br>E-MAIL ADDRESS (*Optional*): medinaae@gmail.com<br>ATTORNEY FOR (*Name*): | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>STREET ADDRESS: George E. Brown, Jr. Federal Building<br>MAILING ADDRESS: and United States Courthouse<br>CITY AND ZIP CODE: 3470 Twelfth Street Riverside, CA 92501-3801<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: Alvin E. Medina<br>DEFENDANT/RESPONDENT: The Honorable Anthony R. Foxx | CASE NUMBER: |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☐ summons
   - b. ☐ complaint
   - c. ☐ Alternative Dispute Resolution (ADR) package
   - d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☐ other *(specify documents)*:
3. a. Party served *(specify name of party as shown on documents served)*:

   The Honorable Anthony R. Foxx

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
4. Address where the party was served: 1200 New Jersey Ave., S.E. Washington D.C. 20590
5. I served the party *(check proper box)*
   - a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   - b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: 5/26/2015 from *(city)*: Menifee or ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: Alvin E. Medina<br>DEFENDANT/RESPONDENT: The Honorable Anthony R. Foxx | CASE NUMBER: |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):* (2) from *(city):*
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify):*
   under the following Code of Civil Procedure section:
   ☐ 416.10 (corporation)
   ☐ 416.20 (defunct corporation)
   ☐ 416.30 (joint stock company/association)
   ☐ 416.40 (association or partnership)
   ☐ 416.50 (public entity)
   ☐ 415.95 (business organization, form unknown)
   ☐ 416.60 (minor)
   ☐ 416.70 (ward or conservatee)
   ☐ 416.90 (authorized person)
   ☐ 415.46 (occupant)
   ☐ other:

7. **Person who served papers**
   a. Name:
   b. Address:
   c. Telephone number:
   d. **The fee** for service was: $
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☐ a registered California process server:
   (i) ☐ owner ☐ employee ☐ independent contractor.
   (ii) Registration No.:
   (iii) County:

8. ☐ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) ▶ (SIGNATURE )

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**WESTERN REGIONAL OFFICE**

ALVIN MEDINA,
Appellant,

v.

DEPARTMENT OF TRANSPORTATION,
Agency.

DOCKET NUMBER
SF-0432-13-0257-I-1

DATE: December 5, 2013

Alvin Medina, Menifee, California, pro se.

Lierre M. Green, Esquire, Los Angeles, California, for the agency.

**BEFORE**
Franklin M. Kang
Administrative Judge

## INITIAL DECISION

## INTRODUCTION

The appellant timely appealed the Federal Aviation Administration (FAA or agency) action that removed him from the position of Drug and Alcohol Compliance and Enforcement Inspector (inspector), FV-1801-I, effective May 17, 2012. Initial Appeal File (IAF), Tab 1. This appeal was filed as a mixed case complaint following the issuance of the final agency decision (FAD) on the appealed matter. *Id.* The Board has jurisdiction over this appeal pursuant to 49 U.S.C. § 40122(g)(3) and 5 C.F.R. § 1201.154. IAF, Tabs 1, 5. A hearing was held via video conference. Hearing Compact Disc (HCD). For the reasons explained below, the agency's action is REVERSED.

Exhibit 1, 3pg
1of 3

## DECISION

The agency's action is REVERSED.

## ORDER

I **ORDER** the agency to cancel the removal and to retroactively restore appellant effective **May 17, 2012**. This action must be accomplished no later than 20 calendar days after the date this initial decision becomes final.

I **ORDER** the agency to pay appellant by check or through electronic funds transfer for the appropriate amount of back pay, with interest and to adjust benefits with appropriate credits and deductions in accordance with the Office of Personnel Management's regulations no later than 60 calendar days after the date this initial decision becomes final. I **ORDER** the appellant to cooperate in good faith with the agency's efforts to compute the amount of back pay and benefits due and to provide all necessary information requested by the agency to help it comply.

If there is a dispute about the amount of back pay due, I **ORDER** the agency to pay appellant by check or through electronic funds transfer for the undisputed amount no later than 60 calendar days after the date this initial decision becomes final. Appellant may then file a petition for enforcement with this office to resolve the disputed amount.

I **ORDER** the agency to inform appellant in writing of all actions taken to comply with the Board's Order and the date on which it believes it has fully complied. If not notified, appellant must ask the agency about its efforts to comply before filing a petition for enforcement with this office.

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. I **ORDER** the agency to timely provide DFAS or NFC with all



Exhibit 1, 3pg
2 of 3

documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## INTERIM RELIEF

If a petition for review is filed by either party, I **ORDER** the agency to provide interim relief to the appellant in accordance with 5 U.S.C. § 7701(b)(2)(A). The relief shall be effective as of the date of this decision and will remain in effect until the decision of the Board becomes final.

Any petition for review or cross petition for review filed by the agency must be accompanied by a certification that the agency has complied with the interim relief order, either by providing the required interim relief or by satisfying the requirements of 5 U.S.C. § 7701(b)(2)(A)(ii) and (B). If the appellant challenges this certification, the Board will issue an order affording the agency the opportunity to submit evidence of its compliance. If an agency petition or cross petition for review does not include this certification, or if the agency does not provide evidence of compliance in response to the Board's order, the Board may dismiss the agency's petition or cross petition for review on that basis.

FOR THE BOARD:

______________________________
Franklin M. Kang
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **<u>January 9, 2014</u>**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days

Exhibit 1, 3/3
3 of 3

U.S. Department of Transportation
**Federal Aviation Administration**

Office of Aerospace Medicine
Drug Abatement Division
Western Compliance Center

15000 Aviation Blvd.
Hawthorne, CA 90250

January 17, 2014

Alvin E. Medina

Dear Mr. Medina:

As you may know, the Administrative Judge's (AJ's) initial decision dated, December 5, 2013, reversed the Agency's removal action. On January 9, 2014, the Agency filed a petition for review (PFR) of the decision to the full Board under the Merit Systems Protection Board (MSPB) case, Docket Number SF-0432-0257-I-1. Accordingly, this is official notification that due to the appeal of this case, you are being returned to the position of Drug Alcohol and Compliance Enforcement Inspector, FV-1801-I, Drug Abatement Division, Compliance and Enforcement Western Center under Interim Relief as indicated on page 22 of the AJ's initial decision. The interim action is being processed as a 170 Excepted Appointment and you will receive a Notification of Personnel Action, SF-50.

You are to report for duty on Monday, January 27, 2014 to Eric Wells, Acting Manager, Western Compliance Center, 15000 Aviation Blvd., Hawthorne, CA 90250 at 6:00AM. Your interim relief will be retroactive to the date of the Administrative Judge's initial decision, December 5, 2013. You are being restored retroactively from December 5, 2013, to the position of Drug Alcohol and Compliance Enforcement Inspector, FV-1801-I, Drug Abatement Division, Compliance and Enforcement Western Center, with a total adjusted basic pay of $78,918, which includes locality. The Benefits that you had in place prior to your separation on May 17, 2012 may be reinstated as of December 5, 2013. Please discuss any benefits questions you may have with Shawna Richard, Human Resources Specialist, Benefits Operations Center at (310) 725-7804.

As a reminder, upon entry into the parking area, your vehicle will be subject to inspections in accordance with Security's policies. Once completed, a temporary Parking pass will be issued to you for up to one week. Additionally, you will need to complete information to obtain your Personal Identity Verification (PIV) badge with your sponsor's approval (i.e., Center Manager). Also, you will need to complete information to obtain a Parking pass and Gate key card. Please ensure that you bring your valid drivers license and valid vehicle registration to assist with this process.

Enclosed is information about identity protection services that the FAA is offering to employees. Please review the enclosed material and follow the instructions in the document to register for the services. To register for identity protection, you must use the following Verification Number CRGZHXHL82.

If you have any questions concerning your reporting for duty, please contact Mr. Wells at (310) 725-3782. If you have other questions concerning this letter or need other assistance, please contact me at (310) 725-7874.

Exhibit 2, 2pgs 1of2

EXHIA

Please know that the Interim Relief remains in effect pending the MSPB's final decision on this matter.

Sincerely,

Deidra Mitchell
Human Resources Specialist
Human Resources Management Office,
AWP-10

Enclosure

10

Exhibit 2, 2pg
2 of 2

U.S. OFFICE OF SPECIAL COUNSEL
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

MAY 16 2014

Mr. Alvin Eugene Medina
29254 Wagon Creek Lane
Menifee, CA 92584

Re: OSC File No. MA-14-1775

Dear Mr. Medina:

As we informed you in our closure letter of this date, we have terminated our inquiry into the allegations you brought to our Office. In this complaint, you alleged that you were retaliated against for filing complaints in violation of 5 U.S.C. § 2302(b)(9). In your complaint, you state that have been retaliated against for filing an EEO and a Merit Systems Protection Board (MSPB) appeal. You state that you were terminated form your position of Drug and Alcohol Compliance and Enforcement Inspector on May 17, 2012. You state that on February 15, 2013, you filed a MSPB appeal concerning your termination. As a result, you were reinstated with back pay. You state that during the MSPB appeal, you discovered that the Agency initiated an investigation against you on March 4, 2012. You state that after you were reinstated, the Agency re-opened the investigation against you. You state that this investigation is retaliatory. You also allege that you have been discriminated against based on your race and age.

The purpose of this letter is to notify you that you have a right to seek corrective action from the Merit Systems Protection Board (MSPB). Because you alleged potential violations of 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D), you may have a right to seek corrective action from the Merit Systems Protection Board under the provisions of 5 U.S.C. §§ 1214(a)(3) and 1221. You may file a request for corrective action with the MSPB within 65 days after the date of this letter.

The MSPB regulations concerning rights to an individual right of action with the Board can be found at 5 C.F.R., parts 1201-1206 and 1209. If you choose to file such an appeal, you should include this letter to the Board as part of your submission. Additional information about filing an appeal with the MSPB is available at the MSPB's webpage at www.mspb.gov.

Sincerely,

Ashley Sands
Attorney
Complaints Examining Unit

Exhibit 3, 2pg
1 of 2

U.S. OFFICE OF SPECIAL COUNSEL
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

MAY 1 6 2014

Mr. Alvin Eugene Medina
29254 Wagon Creek Lane
Menifee, CA 92584

Re: OSC File No. MA-14-1775

Dear Mr. Medina:

We have carefully reviewed your response to our April 21, 2014, status report that set forth our proposed factual and legal determinations regarding your allegations against the U.S. Federal Aviation Administration (FAA). In our status report, we made a preliminary determination to close our inquiry into your allegations that agency officials committed a violation of 5 U.S.C. § 2302(b)(1) and 5 U.S.C. § 2302(b)(9).

In your response, you stated that since "no personnel action has yet to be taken against me….I understand that I must wait on the results of the investigation before I can begin to move forward with any complaint to the Office of Special Counsel." Thus, because you failed to provide any new information to change our initial determination, we have no basis for further inquiry into this matter as a possible violation of 5 U.S.C. § 2302(b)(1) and 5 U.S.C. § 2302(b)(9).

We are also sending to you a separate letter discussing rights that you may have to seek corrective action from the Merit Systems Protection Board (the Board). Because you alleged potential violations of 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D), you may have a right to seek corrective action from the Merit Systems Protection Board under the provisions of 5 U.S.C. §§ 1214(a)(3) and 1221. A request for corrective action may be filed with the Board within sixty-five (65) days after the date of this letter. The Board's regulations concerning rights to file a corrective action case with the Board can be found at 5 C.F.R. Parts 1201-1206 and 1209.

Sincerely,

Ashley Sands
Attorney
Complaints Examining Unit

Exhibit 3, 2/5
2 of 2

12

**Federal Aviation Administration**

# Memorandum

Date: MAY 10 2013

To: Rafael Ramos, Drug Abatement Manager, AAM-800

From: Patricia A. Pausch, Director, Joint Security and Hazardous Materials Safety Office - West, AHW-1
Thru: Michelle L. Root, Manager, Internal Security & Investigations Branch, ANM-750

Prepared by: Bobby White, Special Agent, AWP-752A

Subject: Closure Memorandum - AWP20130042
Medina, Alvin E.

This memorandum is in regards to an investigation that was conducted regarding an allegation that SUBJECT required an operator (regulated party) to falsify a statement related to a Federal Aviation Administration Drug Abatement inspection.

Your request was reviewed and it was determined to be criminal in nature. On March 25, 2013, this matter was referred to the Department of Transportation/Office of Inspector General (DOT/OIG) for investigation consideration.

The DOT/OIG reviewed all information and determined that they had no investigative interest in this matter. On April 18, 2013, the Criminal Referral was returned to the Joint Security and Hazardous Materials Safety Office-West with no action taken.

Due to SUBJECT no longer being employed by the FAA, the Joint Security and Hazardous Materials Safety Office-West has no jurisdiction with regards to SUBJECT. Therefore, any/all investigative efforts related to this matter have been terminated. Request this investigation be administratively closed, no action taken.

If you have any questions or concerns regarding this matter please contact Special Agent Bobby White at 310-725-3718 or bobby.white@faa.gov.

Attachment
DOT/OIG Declination – Transmittal of Criminal Investigation Information

Exhibit 5



Exhibit

**Interview**
Rafael Ramos
AAM-800, Drug Abatement Division : Alvin Medina 03/18/2014 05:25 AM
Bobby White, Merlin Pore, Aileen Blakely
This message has been forwarded.

Alvin,

This is your official notice that you will be interviewed by an investigator from our security office in Los Angeles on Thursday March 20, 2014, at 9:00 am in our conference room. The FAA is conducting an investigation into allegations made by regulated party in relation to an inspection you conducted prior to your separation. In accordance with your Weingarten Rights, you have the right to union representation during this meeting. It is your responsibility to arrange for your representative's participation if you choose to have one present.

Rafael Ramos
Drug Abatement Division Manager
Office of Aerospace Medicine
p. 202-267-8442
f. 202-267-5200

Visit our website at:
http://www.faa.gov/about/office_org/headquarters_offices/avs/offices/aam/drug_alcohol/

The Drug Abatement Division strives to provide quality service. I invite you to complete a feedback form at: http://www.faa.gov/about/office_org/headquarters_offices/avs/stakeholder_feedback/aam/aam800/

Your feedback is essential in helping us to continually improve. Thank you.

Sawyer Aviation 91.147 Letter of Authorization

Sawyer Aviation 135 Certificate

Inspected Oct 6, 2011 By Alvin Medina (Lead) and Diana Hawley (TC Team Member)

Removed From FAA May 17, 2012
Reinstated January 27, 2014
Interview About Sawyer Aviation 5 years and 5 months Ago on March 20, 2014.

Exhibit 6,

14

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

ALVIN MEDINA,
Appellant,

v.

DEPARTMENT OF TRANSPORTATION,
Agency.

DOCKET NUMBER
SF-1221-14-0700-W-1

DATE: March 26, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alvin Medina, Menifee, California, pro se.

Lierre M. Green, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed the individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).



Exhibit 7, 2ps
1of 2

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Prior to filing the instant appeal, the appellant filed an appeal of his removal from the position of Drug and Alcohol Compliance and Enforcement Inspector. On December 5, 2013, the administrative judge in that appeal issued an initial decision reversing the agency's removal action.[2] *Medina v. Department of Transportation*, MSPB Docket No. SF-0432-13-0257-I-1, Initial Decision (Dec. 5, 2013). Thereafter, the appellant filed this IRA appeal in which he contended that the agency retaliated against him for his Board appeal when, after reinstating him, it initiated an investigation into alleged misconduct from almost 3 years prior. Initial Appeal File (IAF), Tab 1.

¶3 The administrative judge issued an order providing the appellant with his burden of proof on jurisdiction. IAF, Tab 7. After providing the parties with the opportunity to respond to the jurisdictional order, the administrative judge issued

---

[2] The appeal is currently pending on review following the filing of a petition for review by the agency. *See Medina v. Department of Transportation*, MSPB Docket No. SF-0432-13-0257-I-1.



Exhibit 7, 2 pgs
2 of 2